# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

    vs.

LESTER L. CARLSON, JR.,

        Defendant.

)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0552-06

## DECISION AND ORDER

### On Defendant's Motion for Reconsideration

## INTRODUCTION

This matter came before the Honorable Katherine A. Maraman on February 24, 2009, for oral argument on a motion for reconsideration filed by Defendant Lester L. Carlson, Jr., on December 17, 2008. Assistant Attorney General Jeffrey A. Moots appeared on behalf of the People of Guam. Attorney Vincent Leon Guerrero appeared on behalf of Defendant Carlson, who was also present. Having considered the parties' oral arguments and written submissions, as well as the applicable law, the Court now issues the following Decision and Order.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from allegations that Defendant Carlson, while employed as Business Development Director for the Guam Economic Development and Commerce Authority (GEDCA, formerly GEDA or the Guam Economic Development Authority), misused a government credit card for personal purposes between October 1, 2000, and December 26, 2003. On Friday, December 19, 2003, following a review of Carlson's credit card transactions, Acting GEDCA Administrator John Dela Rosa issued Carlson a confidential memorandum informing him that his employment was "terminated effective immediately". See Def.'s Mot. to Dismiss (Oct. 8, 2007), Ex. D. According to Carlson, the locks were changed and he was barred from

*People of Guam v. Lester L. Carlson, Jr.*
Decision and Order (on Motion for Reconsideration)
Criminal Case No. CF0552-06
- Page 1 of 7 -

entering GEDCA's offices. On Friday, December 26, 2003, GEDCA Administrator Gerald S.A. Perez, having returned to work, sent Carlson a letter which "confirm[ed] and revalidate[d]" his termination and stated: "In order to avoid any confusion on the matter, your termination is deemed effective on the date of this current letter." See Def.'s Mot. to Dismiss (Oct. 8, 2007), Ex. E.

On December 26, 2006, the grand jury returned an indictment against Defendant Carlson, charging him with (1) Fraudulent Use of a Credit Card (as a third degree felony), (2) Theft of Property (as a second degree felony), and (3) Official Misconduct (as a misdemeanor). A superseding indictment was returned on February 13, 2007, correcting certain clerical errors in the dates alleged in the second and third charges.

Defendant Carlson moved to dismiss the indictment on October 8, 2007, arguing that the second and third charges were time-barred, and that the prosecution failed to supply the grand jury with applicable law relating to his affirmative defenses. On March 25, 2008, the Court issued a Decision and Order, dismissing the first charge of Fraudulent Use of a Credit Card, but denying Defendant's motion to dismiss the second charge of Theft of Property and the third charge of Official Misconduct.

On December 17, 2008, Carlson moved for reconsideration of the March 25, 2008, decision. The People did not file a written response to Defendant's motion. The Court held a hearing on the motion on February 24, 2009, and now issues its ruling.

## DISCUSSION

### A. Whether the Second and Third Charges are Time-Barred

In its Decision and Order of March 25, 2008, the Court ruled that Defendant Carlson was a public officer or employee for statute of limitations purposes. As a result, under 8 G.C.A.

*People of Guam v. Lester L. Carlson, Jr.*
Decision and Order (on Motion for Reconsideration)
Criminal Case No. CF0552-06

- Page 2 of 7 -

§ 10.40, the Government had three years from the date of his termination to charge him. Thus, the key to determining the timeliness of the indictment requires the Court to pinpoint the date on which Carlson's employment terminated.

According to Carlson, the Court's Decision and Order of March 25, 2008, omits this key fact, because it makes "no mention of when Carlson was officially terminated." Def.'s Mem. of P. & A. in Support of Mot. for Reconsideration (Dec. 17, 2008), at 3. In his motion for reconsideration, Defendant Carlson argues that, even if he was a public officer or employee for purposes of establishing the applicable limitations period, his employment ended on December 19, 2003. Consequently, the Government had until December 19, 2006, to obtain an indictment against him under section 10.40. Because the Government obtained the indictment on December 26, 2006, the charges came too late and are now time-barred and subject to dismissal.

In fact, the Court's decision states: "Acting Administrator Dela Rosa's December 19, 2003 memorandum terminating Carlson stated that it was the result of a review of Carlson's credit card transactions for Fiscal Year 2001 through 2003 . . . . Carlson's Personnel Action form indicates the effective date of termination as 'COB 12/26/03.' " Decision & Order (Mar. 25, 2008), at 3. Thus, the Court did mention Carlson's official termination date, namely, December 26, 2003, the effective date listed on his personnel action form. Although the Court believes its Decision and Order of March 25, 2008, set forth the date of Carlson's termination, in the interests of providing further clarification, the Court outlines the reasoning underlying its ruling.

Carlson has steadfastly maintained since the inception of this litigation that he is not a Government of Guam employee. Furthermore, this Court held not that he was a Government of

*People of Guam v. Lester L. Carlson, Jr.*
Decision and Order (on Motion for Reconsideration)
Criminal Case No. CF0552-06

- Page 3 of 7 -

Guam employee, but that he was a public officer to whom section 10.40 applied. Also, Carlson must concede that he was a GEDCA employee. Thus, rather than looking to cases and regulations applicable to Government of Guam employees to shed light on the termination of the employer-employee relationship between Carlson and GEDCA, this Court looks instead to employment law in general.

The employer-employee relationship is a two-way street, with both parties to the relationship enjoying certain rights and privileges, and each owing the other certain duties and obligations. See, e.g., D'Angelo v. Gardner, 819 P.2d 206, 220 n.4 (Nev. 1992) ("Employers have duties to employees just as employees have duties to employers. Their [at-will] relationship is a two-way street.") (Mowbry, C.J., concurring). Carlson states that, on December 19, 2003, he was locked out of the workplace and barred from entering the premises. While these facts establish that his obligation to continue producing work for GEDCA may have ended on December 19, 2003, Carlson did not by these facts establish that GEDCA's obligation to him ended that same day. On the contrary, Carlson had a right to continue receiving his usual remuneration and benefits after December 19, 2003. GEDCA's obligation to Carlson did not end until the close of business on December 26, 2003. Thus, December 26, 2003, represents the complete severance of the employer-employee relationship, whereas December 19, 2003, does not.

In Duty v. Norton-Alcoa Proppants, 293 F.3d 481 (8th Cir. 2002), the Eight Circuit Court of Appeals articulated a test, embodied in a jury instruction, for determining when an employee has been terminated:

> A person is considered to have been terminated by his employer on the date on which he receives notice which would inform a reasonable person in his position that he had been terminated.

*People of Guam v. Lester L. Carlson, Jr.*
Decision and Order (on Motion for Reconsideration)
Criminal Case No. CF0552-06

- Page 4 of 7 -

Id. at 489-90 (quotation marks omitted). The Eighth Circuit in Duty affirmed the jury's finding that the plaintiff-employee was terminated on the later of two dates at issue, when he received an official letter from someone with actual termination authority, rather than on the earlier date, when the defendant-employer's human resources coordinator informed him by telephone that he was terminated.

In this case, the Court finds GEDCA Director Perez's letter of December 26, 2003, akin to the official letter from someone with actual termination authority in the Duty case. That is, a reasonable person in Carlson's position would have considered the letter from Administrator Perez as official notice of termination. The December 19, 2003, memorandum from Acting Administrator Dela Rosa, on the other hand, would not have supplied a reasonable person in Carlson's position with notice that he had been terminated, because it had to be backed up by a subsequent letter from someone with actual authority to terminate Carlson's remuneration and benefits.

Finally, Carlson urges this Court to follow the decision reached by the Honorable Michael J. Bordallo of the Guam Superior Court in the case of his coworker, David H. Sasai, a similarly situated defendant who faced the same charges as Carlson. See Decision & Order, People v. Sasai, Superior Court of Guam Criminal Case No. CF0550-06 (Oct. 6, 2008). On the defendant's motion to dismiss, the court in Sasai ruled that the longer limitations period of section 10.40 did not apply because the defendant was not a public employee and, even if he had been one, because the defendant was terminated on December 19, 2003, the indictment returned on December 26, 2006, was untimely. Although this Court finds it unfortunate that another defendant should obtain a different result on the basis of very similar facts, the other court's

*People of Guam v. Lester L. Carlson, Jr.*
Decision and Order (on Motion for Reconsideration)
Criminal Case No. CF0552-06

- Page 5 of 7 -

conclusions are not binding on this Court. This Court notes that the court in <u>Sasai</u> did not conduct a detailed analysis concerning the applicability of section 10.40 to the defendant or the relevant termination date. Therefore, this Court declines to follow the decision in <u>Sasai</u>.

Since section 10.40 permits the Government to commence a prosecution within three years after a public officer or employee's employment ends, the Government had until the close of business on December 26, 2006, to present the Court with an indictment against Carlson. Because the Government fulfilled this requirement, its indictment of Carlson was timely under section 10.40. Consequently, the second and third charges of the indictment are not subject to dismissal for untimeliness.

## B. Whether the Third Charge Survives Dismissal of the First Charge

At the February 24, 2009, hearing on Defendant's motion for reconsideration, the Court referred to Defendant's second motion to dismiss filed May 16, 2008, and the prosecutor's reply memorandum filed July 17, 2008. The Court asked the parties to address whether the third charge could stand alone or whether it, too, should be dismissed along with the first charge. The Court then ruled from the bench, dismissing the third charge of Official Misconduct. The Court hereby memorializes its ruling.

The first charge of the indictment alleges that Carlson, while employed as GEDCA's Business Development Director, knowingly used a GEDCA credit card to obtain property or services not related to official GEDCA business. The third charge of the indictment alleges that Carlson, while employed as GEDCA's Business Development Director, committed an act constituting an unauthorized exercise of his official function, namely, knowingly using a GEDCA credit card to obtain property or services not related to official GEDCA business. Thus, the third charge is inextricably intertwined with the first charge.

*People of Guam v. Lester L. Carlson, Jr.*
Decision and Order (on Motion for Reconsideration)
Criminal Case No. CF0552-06

- Page 6 of 7 -

In its Decision and Order of March 25, 2008, the Court granted Defendant Carlson's motion to dismiss the first charge of Fraudulent Use of a Credit Card without prejudice, but declined to dismiss the third charge of Official Misconduct. The Court dismissed the first charge against Carlson because the prosecution failed to advise the grand jury that proof of Carlson's ability and intent to pay his GEDCA credit card obligations constituted an affirmative defense and because the prosecution failed to present the grand jury with evidence that the GEDCA board subsequently ratified Carlson's credit card expenditures. The government has chosen not to pursue the first charge by seeking reindictment from the grand jury. Because the third charge is inextricably linked to the first charge, the third charge cannot stand alone. Since the first charge has been dismissed and is not being pursued, the third charge must also be dismissed.

## CONCLUSION

For the foregoing reasons, upon reconsideration of its Decision and Order of March 25, 2008, denying in part and granting in part Defendant Carlson's motion to dismiss, the Court rules as follows:

1. Defendant Carlson's motion to dismiss on grounds of untimeliness the second charge of Theft of Property and the third charge of Official Misconduct is DENIED.

2. On separate grounds, the Court GRANTS dismissal as to the third charge of Official Misconduct.

So ORDERED this 4th day of June, 2009.

I hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam

Dated at Hagatna, Guam

JUN 0 4 2009

_____
HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

*People of Guam v. Lester L. Carlson, Jr.*
Decision and Order (on Motion for Reconsideration)
Criminal Case No. CF0552-06